FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No: 2:20-CV-00171-LRS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 24, 25. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Chad Hatfield. Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples. The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 24, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 25, and **REMANDS** the case for to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Pamela S.[2] filed an application for Supplemental Security Income (SSI) on January 25, 2017. Tr. 97. Benefits were denied initially on July 26, 2017, Tr. 72-84, and upon reconsideration on December 14, 2017, Tr. 94-95, because Plaintiff's resources exceeded the statutory resource limit. A hearing before Administrative Law Judge Marie Palachuk ("ALJ") was conducted on March 6, 2019. Tr. 27-45. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ denied benefits on April 19, 2019. Tr. 23-25. The Appeals Council denied Plaintiff's request for review March 5, 2020, making the April 19, 2019 ALJ decision the final decision of the Commissioner. Tr. 1-4. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3). ECF No. 1.

///

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

# BACKGROUND

Plaintiff applied for SSI benefits on January 25, 2017, alleging disability since June 1, 2006. Tr. 48. At application, Plaintiff alleged that she had three vehicles from January 1, 2017 and forward: (1) a 2003 Ford F250 that she stated was used for transportation and valued at $500.00 from January 2017 and forward; (2) a 1970 Volkswagen Bug that she stated was not running and valued at $500.00 from January 2017 and forward; and (3) a 2008 Chevy Impala she stated was used for transportation and valued at $5,000.00 from January 2017 and forward. Tr. 52-53. On July 19, 2017, Plaintiff provided another statement that she had three vehicles from January 1, 2017 and forward: (1) a 2003 Ford F250 that she stated was used for transportation and valued at $500.00 from January 2017 to July 2017 and $4,950.00 from August 2017 and forward; (2) a 1970 Volkswagen Bug that she stated was not running and valued at $500.00 from January 2017 to July 2017 and $2,950.00 from August 2017 and forward; and (3) a 2008 Chevy Impala she stated was used for transportation and valued at $5,000.00 from January 2017 to July 2017 and $5,475.00 from August 2017 and forward. Tr. 63. On July 26, 2017, Plaintiff's application for SSI was denied because her resources exceeded the $2,000.00 resource limit for January 2017 through the date of the decision. Tr. 72. In doing so, Social Security excluded the value of the Ford as a resource, and counted the Volkswagen, valued at $2,950.00, and the Chevy, valued at $5,475.00, as resources . Tr. 79-84. On December 14, 2017, Plaintiff's SSI application was

ORDER ~ 3

denied on reconsideration affirming the original decision that Plaintiff's resources exceed the $3,000.00 resource limit.³  Tr. 94.

Plaintiff provided appraisal forms from Parkway Auto Center and RV dated November 17, 2017, stating that the Volkswagen was valued at $300.00 and the Chevy was valued at $3,500.00.  Tr. 90-91.  Plaintiff provided a February 26, 2019, statement from Scott Brewer, the General Manager at Lithia Chrysler Jeep Dodge Fiat of Spokane, that the Ford was "in three feet of snow and is not a vehicle I, as a Dealer, see has having any value."  Tr. 137.

At the March 6, 2019 hearing, Plaintiff was asked how long it had been since the Ford was running:

> I don't know, like five years.  It's old, and it's - - it broke down.  The kids had used it for hay, and [it] had to be towed back to the ranch and it just sits there on the 40 acres.  It just sits in the back.  And the kids tried to get it running in the summer, and it broke right back down again.  And so, there it sits, and it's just going to sit.  It couldn't come out right now, even if it wanted to.

Tr. 37-38.  Plaintiff repeated this stating "the kids did try to get it to run, and it broke right back down again."  Tr. 38.  She stated it had a dent on the side door and "rusting out the bottom of it."  Tr. 39.  She further testified that the Chevy was traded in for a 2011 Hyundai.  Tr. 39-40.

---

³The decision is inaccurate because the resource limit for an unmarried individual is $2,000.00.  20 C.F.R. § 416.1205(c).

ORDER ~ 4

## THE ALJ'S FINDINGS

On April 19, 2019, the ALJ entered a decision finding that Plaintiff was unmarried and had more than $2,000.00 in resources. Tr. 24. She found the value of the Ford was $4,950.00 and the value of Volkswagen was $300.00. *Id*. She found that the Chevy was traded in for the 2011 Hyundai and the Hyundai was not counted as a resource. Tr. 24-25. The ALJ found that Plaintiff was not eligible for SSI. Tr. 25.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. §§ 405(g), 1383(c). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's

ORDER ~ 5

conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## DISCUSSION

Plaintiff alleges that the ALJ erred by: (1) failing to properly value Plaintiff's vehicles; and (2) arbitrarily rejecting Plaintiff's explanations without due process.

**I.  The ALJ's Vehicle Valuation**

Plaintiff argues that Plaintiff's countable resources should be limited to the value in her bank account and the Volkswagen, because the Ford had no value and the Hyundai was excluded as a resource. ECF No. 24 at 8.

The SSI program was enacted to provide financial assistance to "needy people" who are blind, disabled, or sixty-five years of age or older. *Hart v. Bowen*, 799 F.2d 567, 569 (9th Cir. 1986) (citations omitted). To be entitled to benefits, a claimant must meet certain income and resource requirements. *Id*.; 42 U.S.C. §§ 1381a, 1382; 20 C.F.R. § 416.110. An unmarried SSI recipient may not receive benefits for any month in which her countable resources exceed $2,000.00. 20

ORDER ~ 6

C.F.R. § 416.1205(c). Countable resources are defined as "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201.

As such, automobiles are generally considered countable resources. 20 C.F.R. §§ 416.1201, 416.1218. Nevertheless, "[o]ne automobile is totally excluded regardless of its value" if it is used for claimant's transportation. 20 C.F.R. § 416.1218(b). All remaining vehicles, however, are "treated as nonliquid resources and counted as a resource." *Id*.

### A.    2003 Ford F250

The ALJ found the Ford had a fair market value of $4,950.00. Tr. 24. In making this decision, the ALJ found that Plaintiff's testimony that the Ford had not moved for five years was not credible and inconsistent with her statements to Social Security. *Id*. However, this value from January of 2017 through the date of the ALJ's decision is not supported by substantial evidence.

There are two sources for the value of the Ford: (1) Plaintiff's statements that it was valued at $500.00 from January of 2017 through July of 2017 and $4,950.00 starting in August of 2017, Tr. 52, 63; and (2) Mr. Brewer's statement that the truck had no value, Tr. 137. The ALJ found Plaintiff's statements were not credible: "[t]he claimant has a history of providing misleading information to SSA, which makes it very hard to believe her arguments." Tr. 25. Likewise, the ALJ

ORDER ~ 7

found Mr. Brewer's statement not credible: "there is little indication from Mr. Brewer's letter that he personally evaluated the claimant's 2003 Ford. He reported that it was currently covered by 'three feet of snow[.]' suggesting that he did not evaluate the vehicle." Tr. 24. First, there is no evidence that the Ford was valued at $4,950.00 from January 2017 through July 2017. In fact, there is no explanation in the record for why Plaintiff's valuations of all the vehicles drastically increased in August of 2017. Second, the ALJ rejected all evidence of the Ford's value throughout the entire period at issue in the case. Third, Social Security "has a link to the National Auto Dealers Association (NADA) online for verification of the value of cars (SSI resources)," POMS SI 01130.200, and there is no evidence in the record that this resource was used to verify the Ford's value.

 Here, the ALJ has failed to properly develop the record. "An ALJ's duty to develop the record . . . is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). "The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate[,] or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ's finding that all evidence regarding the Ford's value was not credible amounts to a finding that the record was inadequate to properly value the Ford. Therefore, the case is remanded for the ALJ to develop the record regarding the

ORDER ~ 8

Ford's value.

Furthermore, resources that are essential to self-support are excluded from countable resources. *See* 20 C.F.R. §§ 416.1210; 416.1222. Plaintiff testified that the Ford was used for haying. Tr. 37-38. The ALJ failed to develop any testimony regarding whether this crop was sold or otherwise used as a means of Plaintiff's self-support prior to the vehicle breaking down. This will also need to be properly developed on remand.

### B. Volkswagen and Chevy

The ALJ found that the Volkswagen had a value of $300.00 and the Chevy had a value of $3,500.00, thus accepting the appraisals provided by Plaintiff. Tr. 24. The Chevy was traded for a 2011 Hyundai, which the ALJ excluded as a resource under 20 C.F.R. § 416.218(b)(1). The parties did not challenge these findings. ECF Nos. 24, 25.

### C. Horse Trailer

Additionally, Plaintiff owned a horse trailer that she transferred to her daughter. The ALJ found that Plaintiff's horse trailer "likely represents a disposal of a resource for less than fair market value, and would likely further limit the claimant's eligibility, if her resources did not already make her ineligible." Tr. 25. Since the case is being remanded for the ALJ to properly develop the record in regards to the value of the Ford, she will also develop the record as to the value of the horse trailer and its transfer from Plaintiff to her daughter.

ORDER ~ 9

## II.    Due Process

Plaintiff argues that the ALJ's failure to develop the record resulted in a violation of her due process. ECF No. 24 at 6-7. While the Court acknowledges that the ALJ failed to develop the record, it does not find that Plaintiff's due process was violated. Under regulations, Plaintiff has a right to appear and present evidence, including testimony, at a hearing before an ALJ. 20 C.F.R. §§ 416.1444, 416.1450(a). A hearing was held, and Plaintiff presented evidence, including her testimony. Tr. 27-45. Therefore, there was no violation of due process. Nonetheless, remand is appropriate for the ALJ to properly develop the record.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits. ECF No. 24 at 11.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990).

The Court finds that further administrative proceedings are appropriate. *See*

ORDER ~ 10

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). On remand, the ALJ must develop the record regarding the value of the Ford, the value of the horse trailer, and the facts surrounding the transfer of the horse trailer.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 24, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 25, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** December 16, 2021.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 11